UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAVIER DAVILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-177 |
| | ) | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 25. For the reasons set forth below, plaintiff's motion is **GRANTED**. Doc. 25.

**I.   BACKGROUND**

Plaintiff filed suit challenging the Social Security Commissioner's final decision denying his application for Social Security Disability Insurance Benefits. *See* doc. 1 at 2. After considering the parties' briefing, the Court reversed the decision of the Commissioner and remanded plaintiff's social security case to the agency for further consideration pursuant to sentence four of 42 U.S.C. § 405(g), and

judgment was entered in plaintiff's favor. Docs. 23 (Order) & 24 (Judgment). Plaintiff then filed the instant motion requesting $9,732.96 in attorney's fees and $402 in costs under the EAJA. Doc. 25-4 at 4.

## II. ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and his request is timely. *Compare* doc. 24 (Judgment entered September 29, 2022) *with* doc. 25 (motion filed

November 28, 2022). He has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the Commissioner's failure to address one of Plaintiff's grounds for removal, resulting in remand. Doc. 23 at 6-12. Moreover, the Commissioner does not oppose the request for fees and has therefore not refuted the plaintiff's assertion that the agency's decision was not substantially justified. Plaintiff is entitled to an award pursuant to the EAJA.

The Court must, therefore, determine whether the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost

3

of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel spent 45.40 hours total on the case. *See* doc. 25-5 at 1; *see also* doc. 25-4 at 2. The transcript totaled 6,585 pages, *see* doc. 10-1, and counsel distilled that record down into a 38-page brief containing three arguments, *see* doc. 20. Counsel also prepared a reply brief. Doc. 22. Plaintiff was successful; the case was remanded. Doc. 23.

Plaintiff's counsel initially identifies an hourly rate of $225.30, calculated by multiplying the EAJA base rate of $125 by the increase in the cost of living "as reflected in the Consumer Price Index for all urban consumers for the South urban region." Doc. 25-4 at 3. However, counsel then suggests that "the parties agreed informally to fees of $9,732.96 to avoid litigation of the fee issue," which results in an hourly rate of $214.38. The Court approves this proposed hourly rate as reasonable. *See Thomas v. Kijakazi*, CV419-271, doc. 24 at 3 (S.D. Ga. April 5, 2022) (Moore, J.) (finding rates of $206.60 and $219.63 per hour reasonable); *see also* 28 U.S.C. § 2412(d)(2)(A)(ii) (identifying "an increase in the cost of living" as a factor justifying a higher hourly rate).

Plaintiff also requests $402 in costs, "reflecting the federal court filing fees to be paid from the Judgment Fund." Doc. 25-4 at 4. As the Plaintiff correctly points out, costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021); *see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA). Thus, the $402 filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

Plaintiff is, therefore, entitled to an award of $9,732.96 in attorney's fees and $402 in costs. The motion requests that any fee award "be made payable to Plaintiff's attorney pursuant to the assignment attached to this motion . . . ." Doc. 25-2 at 3; *see also* doc. 25-6 at 1 (assignment). In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the

United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). The Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

## III.  CONCLUSION

Plaintiff's Motion for Attorney's Fees is **GRANTED**. Doc. 25. Plaintiff is awarded $9,732.96 in attorney's fees and $402 in costs.

**SO ORDERED,** this 7th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA